UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY MALKAN

Plaintiff,

vs.

**12-CV-0236(A)**

MAKAU W. MUTUA,

Defendant.

**DEFENDANT MUTUA'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT MUTUA'S MOTION FOR SUMMARY JUDGMENT**

ERIC T. SCHNEIDERMAN
New York State Attorney General
BY: S/David J. Sleight
DAVID J. SLEIGHT
Assistant Attorney General
Of Counsel
Main Place Towers
350 Main Street-Suite 300A
Buffalo, New York 14202
(716) 852-6274
david.sleight@ag.ny.gov

**Preliminary Statement**

This is an action brought pursuant 42 U.S.C. § 1983 in which the Plaintiff, Jeffery Malkan, alleges that he denied due process in connection with the non-renewal of his term appointment as a Clinical Professor on the faculty of the State University of New York at Buffalo Law School (the "Law School"). Defendant Makau Mutua, the person responsible for non-renewing Plaintiff's term appointment, is the former Dean of the Law School.

In June 2014, Defendant Mutua moved for summary judgment[1] seeking dismissal of Plaintiff's complaint in its entirety or, in the alternative, for a finding that he was entitled to qualified immunity.

On December 1, 2015, Magistrate Judge Schroeder issued a Report and Recommendations ("R&R") on Defendant Mutua's motion for summary judgment. Docket No. 97. The Magistrate Judge recommended that Defendant Mutua's motion for be granted on the grounds that Plaintiff had failed to establish the threshold issue that he had a protected property interest in his term appointment as a Clinical Professor. The R&R further directed that any objections to it be filed within fourteen (14) days in accordance with Fed.R.Civ.P. 72(b) and Local Rule 72(b).

On December 14, 2015, Plaintiff filed a 37 page declaration in support of objections to the R&R (Docket No. 99) and a 54 page memorandum of law in support of objections to R&R (Docket No. 100), with a 52 page appendix of "documents cited in this memorandum" (Docket No. 100-1).[2]

---

[1] Originally, Charles Ewing, a Professor at the Law School, was also a defendant in this action. Ewing also moved for summary judgment seeking dismissal of Plaintiff's complaint (Docket No. 54); however, the action was subsequently dismissed as against him by stipulation of the Plaintiff (Docket No. 64).

[2] Plaintiff's December 14, 2015 filings contain objections to both the Magistrate Judge's R&R on Defendant Mutua's motion for summary judgment and the Magistrate's Judge's December 1, 2015 Report and Recommendation on the parties motions for sanctions (Docket No. 97).

On December 21, 2015, Plaintiff filed a "certification pursuant to rule 72(C)" (Docket No. 101) as a continuation of exhibits to his memorandum of law (Docket No. 100).

This memorandum of law is submitted in response to Plaintiff's objections to Magistrate Judge's R&R.

**Argument**

**POINT I**

**PLAINTIFF'S OBJECTIONS SHOULD NOT EVEN BE CONSIDERED BY THE COURT BASED ON HIS FAILURE TO COMPLY WITH LOCAL RULE 72(b)**

The Local Rules of Civil Procedure for the Federal District Court, Western District of New York, provide in pertinent part:

> Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.

W.D.N.Y. Local Rule 72(b) (effective January 1, 2016).

The 100 plus pages of objections to the R&R contained in Plaintiff's declaration and memorandum of law do not comply with Local Rule 72(b) as they do not specifically identify what portion of the R&R he is objecting to, the basis of these specific objections and are not supported by legal authority. Pages 23 to 54 of Plaintiff's memorandum of law address his objections to the R&R on Defendant Mutua's summary judgment motion. The only portion of this that can even remotely be considered to be an objection to a specific portion of the R&R is contained on page 23, where Plaintiff quotes an entire page of the R&R and then says that the Magistrate Judge erred in finding that he did not have a protected property interest. However, he then goes on for 25 pages of rambling dissertation on such topics as why his letter agreement gave him tenure like protection, the various permutations of why Dean Olsen did not exceed his

authority in appointing him as a Clinical Professor[3] and entering into contract that violated SUNY Board of Trustees Policies, and why he was not an imposter in the title/rank of Clinical professor. Nowhere in these pages; however, does Plaintiff specifically address the most critical and dispositive conclusion of the R&R with respect to the issue of whether he had a protected property interest: that an agreement that violates state law or regulations cannot be the source of a protected property interest. Moreover, in the entire 25 pages, Plaintiff cites to only two legal authorities: Williston on Contracts and a New York Appellate Division decision from 1977. See memorandum of law, p. 47. But, he cites those authorities in support of the proposition that the severability of a contract is determined by the language of the contract and in light of the circumstances surrounding its making. The R&R does not even address this issue.

## POINT II

## PLAINTIFF'S OBJECTIONS SHOULD NOT BE SUBJECT TO *DE NOVO* REVIEW

Where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Brown v. Peters, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y.) (where only general objections are filed to report and recommendation, a court need only review for clear error) (citing cases). Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review. . . ." Vega v. Artuz, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y.). Such objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id.

This Court, in discussing the precursor to Local Rule 72(b), cogently observed that

---

[3] Dean Olsen did not make his term appointment as a Clinical Professor, the then President of the University, John Simpson, did, and this is an undisputed fact. See Defendant's Statement of Undisputed Facts (Docket No. 56), ¶¶ 30-31; Plaintiff's Counter-Statement of Facts (Docket 63-8), ¶¶ 29-30.

> [i]t is clear from the plain meaning of the rule that objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects. It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a "second bite at the apple" when they file objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increase the overall efficiency of the federal judiciary.'" McCarthy v. Manson, 554 F. Supp. 1275, 1286 (D.Conn. 1982), aff'd, 714 F.2d 234 (2d Cir. 1983) *(*quoting Nettles v. Wainwright, 677 F.2d 404, 410 (Former 5th Cir. 1982) (en banc)) (footnote omitted). "The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work." Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980). There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.

Camarado v. General Motors, 806 F.Supp. 380, 381-82 (W.D.N.Y. 1992).

In the instant case, Plaintiff's objections to the R&R are, at best, a rehashing of the very same arguments that made in opposition to Defendant's motion for summary judgment. At worst, and in violation of Local Rule 72(c), Plaintiff's objections appear to raise new legal and factual arguments that were not made in opposition to Defendant's summary judgment motion, notwithstanding his late certification to the contrary. It is difficult to ascertain which legal or factual arguments are new and which were made in Plaintiff's original opposition to the motion because the objections are so rambling, convoluted and long. But, the Court and counsel should not have to wade through the 100 pages of submissions by Plaintiff and compare each argument made in the objections to those raised in opposition to the summary judgment motion. That would thwart letter and the spirit of Local Rule 72(b), which requires that the objecting party to be specific about what part of the R&R they objecting to and why. Emblematic of Plaintiff's complete and utter failure to abide by Local Rule 72(b) is the fact that his memorandum of law contains six and half pages of argument about an issue that the Magistrate Judge never even

reached because he resolved the threshold issue of whether Plaintiff had a property interest against him. See memorandum of law, Docket No. 100, p. 48-54.

Plaintiff's memorandum of law is also replete with mischaracterizations of the record and things that he simply makes up out of whole cloth. For example, on page 37, after quoting from Exhibit 15 to the Arbeit declaration (Docket No. 63), Plaintiff states that "[t]he undisputed fact from ¶40 is that the Provost's Office did not reject Professor Malkan's Contract when it was presented to then-Provost Tripathi by then-Dean Olsen in the fall semester of 2006 or make any objections to any of its terms or conditions, including the five-year ("3+2") term provision." There is no evidence in the record that Dean Olsen ever submitted Plaintiff's October 19, 2006 letter agreement to Provost Tripathi for his approval. At most, there is Dean Olsen's hazy and ambiguous deposition testimony that, at some point, either he or Sue Mangold spoke to Vice Provost for Academics Lucinda Finley about the five year ("3+2") term provision. See Defendant Mutua's Statement of Undisputed Facts (Docket No. 56), Exhibit I at p.12-15; see also Id. at ¶¶ 32-34 and Plaintiff's Counterstatement of Facts (Docket No.63-8) at ¶¶31-33. This does not amount to Provost Tripathi being presented with and signing off on Plaintiff's letter agreement with Dean Olsen an undisputed fact.

Finally, Plaintiff's use of, and citation to, documentary evidence in his objections merits discussion. In Plaintiff's memorandum of law, he cites to, and quotes at length, various pieces of documentary evidence; however, rather than citing to where document appears in the record, he describes what the document is. Between Defendants Mutua's and Ewing's Statements of Undisputed Facts (Docket Nos. 54-2 and 56), the Arbeit declaration in opposition to the motion (Docket No. 63) and Defendant Mutua's Supplemental Statement of Facts (Docket No. 68), the parties submitted 84 exhibits on the motion for summary judgment. By not citing to the place in

the record where the documentary evidence appears, Defendant and the Court are forced to compare the description of the exhibit that Plaintiff gives it in his objections with the exhibits in the record to ascertain what it is, where it is and whether it was even part of the original record. In this regard, it should be noted that at least some of the documentary evidence that Plaintiff attaches as an appendix to his memorandum of law (Docket No. 100-1) does not appear to have been part of the original record (i.e. documents 1, 3 and 5). Moreover, at page 29 of his memorandum of law, he cites to "Bylaws and Standing Orders of the Faculty of SUNY Buffalo Law School" that are, he represents, available online. As far as Defendant can discern, this document was not part of the original record on the motion.

## POINT III

## THE MAGISTRATE JUDGE CORRECTLY DETERMINED THAT PLAINTIFF DID NOT HAVE PROTECTED PROPERTY INTEREST IN THE RENEWAL OF HIS TERM APPOINTMENT

One of the arguments that Defendant Mutua made on his motion for summary judgment was that Plaintiff's October 19, 2006 letter agreement, which purported to give Plaintiff an indefinite, presumptively renewable five year term appointment that could only be non-renewed for cause presumptively, did not give rise to a protected property interest because it violated the SUNY Board of Trustee's Policies[4] regarding term appointments, and Plaintiff knew it.

The SUNY Board of Trustee's Policies provide, in pertinent part:

> §1. *Definition*. Except as provided in Section 6 of this Title, a term appointment shall be an appointment for a specified period of not more than three years which shall automatically expire at the end of that period unless terminated earlier because of resignation, retirement or termination.

* * *

[4] The relevant portions of the SUNY Board of Trustees Policies are codified at 8 NYCRR §§ 335.10, 335.13 and 338.2.

> §4. *Renewal of Term*. Except as provided in this Article, term appointments may be renewed by the chief administrative officer of the college for successive periods of not more than three years each; such renewals shall be reported to the Chancellor. No term appointment, of itself, shall be deemed to create any manner of legal right, interest or expectancy in any other appointment or renewal.
>
> * * *
>
> §1. *Term Appointments*. The services of academic and professional employees having term appointments shall cease automatically at the end of their specified terms. There shall be no right of appeal from a nonrenewal of a term appointment.

The State University of New York Policies of the Board of Trustees, Defendant Mutua's Statement of Undisputed Facts (Docket No. 56), Exhibit A, pp. 13, 14 and 36.

In response to Defendant's argument, the Magistrate Judge correctly identified whether Plaintiff had a property interest protected by the Constitution as a threshold issue on a Due Process claim under the Fourteenth Amendment. R&R at 8. In opposition to the Defendant's argument, Plaintiff argued then, as he does now on his objections, that the "of itself" language in §4, above, suggests that other agreements can create an "expectancy interest" in an appointment or renewal. Addressing that argument, the Magistrate Judge ruled:

> However, "[i]t is universally agreed that the mere expectancy of tenure or renewed employment does not give rise to a property interest protected by the U.S. Constitution." Gotlob v.Beyard, 837 F. Supp.26, 28 (D. Conn. 1993). Thus, whatever the intent of the agreement between Dean Olsen and Mr. Malkan, the Court cannot permit the parties to circumvent the rules and regulations applicable to term appointments in an attempt to afford plaintiff the protected property interest of a continuing appointment under the label of a term appointment. In other words, plaintiff can have no protected property interest in continued employment beyond that which is provided for term appointments by New York's Codes, Rules and Regulations. See Hawkins v. Steingut, 829 F.2d 317, 321 (2d Cir. 1987) ("controlling state law created a 'legitimate claim of entitlement' only during the seven-year term of appointment" set forth in New York's Workers'Compensation Law); Chu v. Schweiker, 690 F.2d 330, 334 (2d Cir. 1982) (agreement cannot create property interest where the statute provides that commission could be terminated at any time); Baden, 638 F.2d at 492 (collecting cases holding "that mutual understandings and customs could not create a property interest for purposes of due process when they are contrary to the express provisions of regulations and statutes). Since plaintiff remained

> employed for the duration of the term of his appointment, it is recommended that defendant's motion for summary judgment be granted.

R&R at 9-10.

In his usual hyperbolic fashion, Plaintiff argues in his memorandum of law that "[t]he rest of Magistrate's findings are…entirely wrong" and that the "SUNY Trustees' Policies do not forbid presumptively-renewable term contracts." Memorandum of law at 28. He bases this argument on the "of itself" language in §4, which he claims the Magistrate Judge "neglects to explain." He argues that the "of itself" language in §4 should be read to tack on an exception to that provision that reads: "but conditions may be added to provide that legal right, interest or expectancy." Memorandum of Law at 29. The point that Plaintiff is missing from Magistrate Judge's R&R in the language quoted above is that the Court is saying it does not matter what expectations he may have had based on his purported letter agreement with Dean Olsen, because those expectations were unilateral based on the fact Board of Trustees policies do not permit presumptively renewable term appointments or term appointments longer than three years.

**<u>Conclusion</u>**

For all of the foregoing reasons, the Court should adopt the Magistrate Judge's Report and Recommendation and grant Defendant Mutua summary judgment dismissing Plaintiff's complaint in its entirety.

Dated: Buffalo, New York
January 21, 2016

ERIC T. SCHNEIDERMAN
New York State Attorney General
BY:
S/David J. Sleight
DAVID J. SLEIGHT
Assistant Attorney General
Of Counsel
Main Place Towers
350 Main Street-Suite 300A
Buffalo, New York 14202
(716) 852-6274
david.sleight@ag.ny.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY MALKIN,

Plaintiff, 12CV0236(A)

vs.

MAKAU MUTUA,

Defendant.

---

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2016, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Robert E. Ruggeri
SUNY Office of General Counsel
University Plaza
Albany, NY 12246
robert.ruggeri@suny.edu

Jessica M. Baker
SUNY Office of General Counsel
University at Buffalo
3435 Main Street
216 Harriman Hall
Buffalo, NY 14214
jbaker4@buffalo.edu

And, I hereby certify that on January 21, 2016, I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

Jeffrey Malkan
12 Valleywood Court West
Saint James, NY 11780

DATED: Buffalo, New York
January 21, 2016

ERIC T. SCHNEIDERMAN
New York State Attorney General
BY:
S/David J. Sleight
DAVID J. SLEIGHT
Assistant Attorney General
Of Counsel
Main Place Towers
350 Main Street-Suite 300A
Buffalo, New York 14202
(716) 852-6274
david.sleight@ag.ny.gov