```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JEFFREY MALKAN,

                    Plaintiff,

     -vs-

MAKAU MUTUA,

                    Defendants.

**No. 1:12-CV-00236 (MAT)**
**DECISION AND ORDER**

## I. Introduction

Presently before the Court for review are two Reports and Recommendations ("R&Rs") prepared by Magistrate Judge Kenneth Schroeder, Jr. and filed December 1, 2015.[1] Jeffrey Malkan ("plaintiff"), proceeding *pro se*,[2] brings this action pursuant to 42 U.S.C. § 1983, alleging a single due process claim pursuant to the Fourteenth Amendment. Defendant Makau Mutua ("defendant") has moved

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Schroeder for two Reports and Recommendations, which were completed and filed on December 1, 2015. The case was referred to this Court by order dated November 16, 2016.

[2] On the underlying motions for summary judgment and sanctions, plaintiff was represented by Frederic D. Ostrove, Esq., of Leeds Brown Law, P.C. Plaintiff's counsel was terminated by plaintiff on July 16, 2015, however, and plaintiff now proceeds *pro se*.

for summary judgment (doc. 55) pursuant to Fed. R. Civ. P. 56 and both parties have cross-moved for sanctions pursuant to Rule 11. Docs. 70, 83. The parties' motions were referred to Magistrate Judge Kenneth Schroeder, Jr., for consideration of the factual and legal issues presented, and to prepare and file Reports and Recommendations ("R&R") containing a recommended disposition of the issues raised.

Judge Schroeder issued two R&Rs on December 1, 2015. In the first ("the first R&R"), Judge Schroeder recommended that defendant's motion for summary judgment be granted. In the second R&R ("the second R&R"), Judge Schroeder recommended that defendant's motion for sanctions be granted in part, and plaintiff's motion for sanctions be denied.

## II. Factual Background and Procedural History

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 on March 23, 2012, alleging that defendant Makau W. Mutua ("defendant"), then Dean of the State University of New York ("SUNY") Buffalo Law School ("the law school"), violated his due process rights under

the Fourteenth Amendment when he declined to renew plaintiff's three-year contract as a clinical professor at the law school. The Court hereby incorporates the thorough factual summaries included in Judge Schroeder's R&Rs. Doc. 96 at 1-6; doc. 97 at 1-20.

At issue for purposes of defendant's summary judgment motion is whether plaintiff was afforded the requisite due process when he was terminated, via non-renewal of his three-year term contract, from his position as clinical professor. The first R&R (doc. 12) found that, as a threshold issue, plaintiff had no property interest in his position. The R&R therefore recommended that the Court grant defendant's motion for summary judgment on that basis. Plaintiff, proceeding *pro se*, has submitted objections to the first R&R. See docs. 99, 100.

The second R&R recommended that the Court grant defendant's motion for sanctions in part, by sanctioning plaintiff's former counsel, Frederic D. Ostrove, Esq., and his firm, Leeds Brown Law, P.C., in the amount of $10,000.00, payable to the Clerk of the Court for the Western District of New York. The second R&R declined to

recommend sanctioning plaintiff himself due to his "current [financial] circumstances." Doc. 97 at 37. Plaintiff and his former counsel have filed objections to the second R&R. See docs. 98 (Mr. Ostrove's objections); 99-101 (plaintiff's objections). For the reasons stated below, the Court adopts the first R&R in its entirety and adopts the second R&R to the extent stated in this Decision and Order.

**III. Discussion**

When a "specific" objection is made to a portion of a magistrate judge's report and recommendation, the district judge subjects that portion of the report and recommendation to a de novo review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C); <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002). When only a general objection is made to a portion of a magistrate judge's report and recommendation, or the objection merely reiterates the same arguments made by the objecting party in its original papers, the district judge subjects that portion of the report and recommendation to only a clear error review. Fed. R. Civ.

P. 72(b)(2), (3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. The objections made by plaintiff and his former counsel merely reiterate arguments which were fully briefed in the original motion argument. Therefore, the Court reviews the R&Rs for clear error.

### A. The First R&R

The Court has reviewed the record in this case as well as the parties' arguments on summary judgment. Upon due consideration of the first R&R, the Court finds no clear error. The Court agrees with Judge Schroeder's conclusion that plaintiff had no property interest in his position as clinical professor at the law school, because the rules governing term appointments in SUNY schools provide that a term appointment can last no longer than three years and that an individual so appointed has no "legal right, interest, or expectancy" in a renewed appointment. 8 N.Y.C.R.R. § 338.2; see 8 N.Y.C.R.R. § 335.10. The Court therefore adopts the first R&R in its entirety and grants defendant's motion for summary judgment.

**B.     The Second R&R**

The second R&R discussed cross-motions for sanctions made by the parties pursuant to Rule 11 of the Federal Rules of Civil Procedure. The R&R recommended that defendant's motion be granted to the extent that sanctions in the amount of $10,000.00 be awarded against plaintiff's counsel. The R&R recommended no monetary sanctions against plaintiff himself due to his "current [financial] circumstances." Doc. 97 at 37. The Court declines to adopt the recommendation of a monetary sanction in the amount of $10,000.00 against plaintiff's former counsel. In declining to adopt the monetary sanction as provided in the R&R, the Court emphasizes that the reasons Judge Schroeder gave for imposing such a monetary sanction are well-supported by this record. Counsel's actions and unduly contentious behavior, as described in extensive detail in the second R&R, are worthy of verbal sanctions as stated by Judge Schroeder.

**IV. Conclusion**

For the foregoing reasons, the first R&R addressing defendant's summary judgment motion (doc. 96) is adopted

in its entirety and defendant's motion for summary judgment (doc. 55) is hereby granted. The Court declines to adopt the second R&R addressing sanctions (doc. 97) and the parties' cross-motions for sanctions (docs. 70, 83) are therefore denied. Plaintiff's objections (docs. 99, 100) and former counsel's objections (doc. 98) are overruled to the extent stated in this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   December 16, 2016
         Rochester, New York.